# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONI JAMES,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. ED CV 11-1877 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Joni James ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. In particular, Plaintiff contends that the Administrative Law Judge ("ALJ") failed to properly develop the record pertaining to her depression. (Joint Stip. at 3-5.) The Court agrees with Plaintiff.

"[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (citing *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983)). Specifically, if the evidence is ambiguous or inadequate to permit a proper evaluation of a claimant's impairments, the ALJ has a duty to "conduct an

appropriate inquiry." *Smolen*, 80 F.3d at 1288.  In cases of mental impairments, such as Plaintiff's depression, the ALJ's duty to clarify and develop the record "is especially important."  *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

Here, the ALJ failed to fulfill this duty.  Specifically, the record pertaining to Plaintiff's depression appears to contain significant gaps, and was thus inadequate to properly evaluate disability.  Two reasons guide the Court's determination.

First, the Court notes that the existing medical reports from Plaintiff's treating physician, Dr. Le Ha, make no mention of depression.  (*See* AR at 184-93.)  This is so despite a letter from Dr. Ha stating that Plaintiff has a history of – and is currently being treated for – depression, among other things.  (AR at 224.)  This, in itself, should have raised ample suspicion that the record was incomplete.

Second, what sets this conclusion to rest is the *origin* of the records.  That is, the majority of the existing reports from Dr. Ha were obtained through a document request from the California Department of Social Services seeking reports solely pertaining to Plaintiff's *left eye impairment*.  (*See* AR at 184.)  Predictably, then, documents concerning Plaintiff's *depression* would not have been produced.  Thus, at minimum, the ALJ should have reapproached Dr. Ha for additional records concerning Plaintiff's depression.  Accordingly, the Court determines that the ALJ did not satisfy her independent duty to fully and fairly develop the record.

Notably, this error was not harmless.  *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (harmless errors do not warrant reversal).  In short, the ALJ concluded that Plaintiff's depression "[has] been treated and [does] not cause any work-related limitations" *without* the benefit of a complete record pertaining to that very impairment.  (AR at 13.)  Additionally, the absent records were from Plaintiff's treating physician, Dr. Ha, who is entitled to significant weight.  *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Thus, the inclusion of these records could have dramatically altered the ALJ's disability analysis and perhaps even resulted in a finding of disability.

1    This Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). Moreover, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, the Court cannot determine disability based on the record before it. Therefore, on remand, the ALJ shall seek additional records, if there be any, from Dr. Ha and his employer, the Metropolitan Family Medical Clinic. The scope of this request should include documents pertaining to Plaintiff's depression, but need not be so narrow.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[1]

Dated: September 26, 2012

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[1] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 9-11, 11-12, 13-15.)

3